IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:05-10036-T/An |
| ) | |
| FELICIANNA T. BROWN, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION TO PRESENT JUROR
QUESTIONNAIRE TO EACH MEMBER OF THE PANEL AT HER TRIAL

Defendant, Felicianna T. Brown, awaits trial on three counts of federal drug offenses. On October 21, 2005, two months before Defendant's scheduled trial date, Defendant's counsel filed a "Motion to Reform the Jury Pool (Venire)" in the Eastern Division of this judicial district. Defendant contends (1) that she is a member of the African-American race, a distinctive group in the community; (2) that the African-American race is not fairly and reasonably represented in the jury pool from which petit juries are eventually selected in the Eastern Division; and, (3) that the alleged under-representation is attributable to "systematic exclusion," of African-Americans, in violation of the United States Constitution and federal law.

In connection with that motion, Defendant filed a contemporaneous "Motion," pursuant to the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861, *et. seq.*, and *Test*

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on  11-15-05

*v. United States*, 420 U.S. 28 (1975), to obtain: records of the jury pool lists, including racial breakdowns, for the previous ten years; the manner in which each jury pool was derived for the previous ten years; juror qualification or other forms for the previous ten years; and, "all other relevant information available for each jury pool constructed by the Court" for the previous ten years. Defendant believes this information, if obtained, will demonstrate statistically significant under-representation caused by illegal systematic exclusion. The "Motion to Reform the Jury Pool (Venire)" and the *Test* "Motion" will be considered by the court at a later time.

Defendant's third "Motion" seeks the court's pre-trial approval of a "Juror Questionnaire" that Defendant asks the court to officially present to each individual panel member in order to determine the race of the prospective jurors present on the date of trial. The Juror Questionnaire is cloaked with the authority of the "United States District Court for the Western District of Tennessee, Eastern Division," and reads:

I am a member of the following race:

\_\_\_White

\_\_\_Hispanic or Latino

\_\_\_Black or African[-]American

\_\_\_American Indian or Native Alaskan

\_\_\_Asian

\_\_\_Native Hawaiian or Pacific Islander

___Other

Def.'s Motion at 3 (attached Juror Questionnaire). Defendant's third motion seeks too much too early. Defendant is not entitled to the selection of a petit jury of any racial composition, *c.f. Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) (fair cross-section), nor is it constitutionally significant if a particular jury *panel* is *by chance* under-representative of the community, *see Jefferson v. Morgan*, 962 F.2d 1185, 1188–89 (6th Cir. 1992) (equal protection), *cert. denied*, 506 U.S. 905 (1992). The disparity must result from the inherent, systematic, or intentional exclusion of blacks at some point in the jury selection process. *See id.* at 1190–91 (discussing the different types of attacks to jury selection procedures). *But see id.* at 1189 (noting that, when a defendant relies on statistics to prove systematic discrimination, "[s]tatisticians do not simply look at two statistics, such as the actual and expected percentage of blacks . . . , and make a subjective conclusion that the statistics are significantly different.").

Here, Defendant challenges *the entire system* of constructing jury pools—from which the panels are randomly chosen—in the Eastern Division. Without a substantiation of Defendant's claim that jury pools in the Eastern Division systematically, unfairly, and unreasonably under-represent African-Americans, Defendant's Juror Questionnaire in this *single case* would be irrelevant and potentially offensive to the members of the panel. Accordingly, the motion is premature at this time and is denied. Defendant may renew the motion at trial if necessary and appropriate.

Because the motion is premature, Defendant's Motion to Present Juror Questionnaire to Each Member of the Panel at her Trial is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

7 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 1:05-CR-10036 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Danny R. Ellis
MUELLER & ELLIS
1289 N. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT