IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:05-10036-T/An |
| ) | |
| FELICIANNA T. BROWN, ) | |
| Defendant. ) | |

ORDER ON DEFENDANT'S MOTION FOR AN ORDER DIRECTING CLERK TO PROVIDE DEFENDANT WITH INFORMATION PURSUANT TO 28 U.S.C. § 1867(f)

Defendant Felicianna T. Brown has filed a "Motion to Reform the Jury Pool (Venire)" for the Eastern Division of this judicial district. Defendant also filed this separate motion [Dkt. # 52] pursuant to a provision of the Jury Selection and Service Act of 1968 ("JSSA"), *see* 28 U.S.C. § 1867(f), and *Test v. United States*, 420 U.S. 28 (1975) (per curiam), to obtain statistics that Defendant believes will help establish that juries in this division are unconstitutionally selected. Defendant contends that § 1867(f) of the JSSA and *Test* supports an order that would require the Clerk of the court to provide Defendant with:

> a copy of the jury pool (venire) lists including racial breakdowns, the manner in which each pool or venire is derived, juror qualification or other forms, and all other relevant information available for each jury pool constructed by the Court in the last ten years.

Def.'s Mot. at 1.

This document entered on the docket sheet In compliance with Rule 55 and/or 32(b) FRCrP on  11-21-05

In *Test*, the petitioner filed a motion with the district court seeking permission to inspect and to copy the master lists from which his grand and petit juries were to be drawn. *Test*, 420 U.S. at 29. The district court denied the motion, and the court of appeals summarily affirmed the district court's decision. *Id.* The United States Supreme Court reversed, holding that the JSSA required that the petitioner be given an opportunity to inspect the master jury lists in place when his grand and petit juries were selected. *Id.* at 30.

The provision of the JSSA that was at issue in *Test* provides that:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion [challenging compliance with selection procedures] under . . . this section . . . . *The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion* . . . .

*Id.* (citing 28 U.S.C. § 1867(f)) (alterations in original). According to the Court, the language of and the policy behind subsection (f) grants litigants challenging jury selection procedures an "*unqualified* right" to inspect jury lists at reasonable times during the pendency of the challenge. *Id.* In the Sixth Circuit, the right of inspection extends to all information relevant to a determination of whether a particular jury has been selected in accordance with the JSSA and the Constitution. *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984).

Nothing in either *Test* or the JSSA, however, requires the court to order the Clerk to do the inspecting and the producing for the defendant, to determine what information is "relevant" to the defendant's challenge, or to include within any such inspection an entire

2

decade of jury records. *C.f. United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997) (holding that it was not an abuse of discretion for a district court to deny a *Test* motion when the motion would have required the clerk to "'research manually thousands of responses'"). Moreover, in this particular case, Defendant already has possession of a copy of the Western District's Amended Plan for the Random Selection of Grand and Petit Jurors. *See* Def.'s Mot. to Reform Jury Pool (attached as an unnumbered exhibit to the motion). The plan explains the "manner in which each pool or venire is derived." Thus, that aspect of Defendant's *Test* motion seeks information that Defendant already has. Finally, Defendant has already been provided with a racial breakdown of the jury pools that were randomly selected from the master lists for the months of May, June, July, August, September, and October of 2005. Defendant's present request would require the Clerk to redraw and to provide a racial breakdown of the jury pools that were randomly selected each month for the past ten years—for a total of one-hundred and twenty (120) different jury pools and corresponding racial breakdowns. The court does not interpret the "unqualified right" referred to in *Test* to require the imposition of such a task upon the already busy Clerk's office and staff.

In short, Defendant's Motion, as currently drafted, is too demanding and too open-ended. The administrative burden that would be imposed on the Clerk's office by the granting of Defendant's motion is extremely substantial and is not required by *Test* or by the JSSA. Accordingly, the Motion [Dkt. # 52] is DENIED. However, Defendant's Motion is

3

GRANTED to the extent that Defendant seeks access to inspect the records. The clerk will, therefore, make the lists that Defendant seeks to inspect available upon reasonable advance notice during normal office hours.

IT IS SO ORDERED.

                                                 *James D. Todd*
                                                 JAMES D. TODD
                                                 UNITED STATES DISTRICT JUDGE

                                                 *15 November 2005*
                                                 DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 62 in case 1:05-CR-10036 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Danny R. Ellis
MUELLER & ELLIS
1289 N. Highland Ave.
Jackson, TN 38301

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT